**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4199**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JERMAINE STEPHEN FINCH,

        Defendant - Appellant.

———————

**No. 14-4212**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JEROME ELLIOTT FINCH,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00311-WO-1; 1:13-cr-00118-WO-1; 1:13-cr-00311-WO-2)

———————

Submitted:  January 13, 2015      Decided:  February 6, 2015

———————

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

—————————

George E. Crump, III, LAW OFFICE OF GEORGE E. CRUMP, III, Rockingham, North Carolina; Craig M. Cooley, COOLEY LAW OFFICE, PLLC, Cary, North Carolina, for Appellants. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Stephen Finch and Jerome Elliott Finch pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2012), conditioned on their right to appeal the district court's denial of their motions to suppress evidence seized following a traffic stop. The district court sentenced Jermaine Finch to forty-eight months of imprisonment and sentenced Jerome Finch to fifty-three months, and they now appeal. For the reasons that follow, we affirm.

Both Appellants challenge the district court's conclusion that the arresting officer had reasonable suspicion to extend the traffic stop to conduct a narcotics investigation and a canine sniff.[*] "We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a

---

[*] To the extent Jermaine Finch challenges the district court's conclusion that the initial stop was valid based on the officer's witnessing the vehicle commit several traffic violations, we conclude that this argument lacks merit. See United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008) ("Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop."); see also Whren v. United States, 517 U.S. 806, 813 (1996) (traffic-violation arrest not rendered invalid "by the fact that it was a mere pretext for a narcotics search" (internal quotation marks omitted)).

defendant's suppression motion, we construe the evidence in the light most favorable to the government.  Id.

"It is well established that the temporary detention of individuals during the stop of an automobile by the police constitutes a seizure, no matter how brief the detention or how limited its purpose."  Branch, 537 F.3d at 335 (internal quotation marks and alterations omitted).  During a routine traffic stop, an officer may request a driver's license and registration, perform a computer check, issue a citation, and conduct a canine sniff "if performed within the time reasonably required to issue a traffic citation."  Branch, 537 F.3d at 335.  In order to extend a traffic stop beyond this scope, a police officer "must possess a justification for doing so other than the initial traffic violation that prompted the stop in the first place," and therefore must have either the driver's consent or reasonable suspicion of illegal activity.  Id.

The officer must have "at least a minimal level of objective justification" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity."  Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted).  Courts assess whether an officer has articulated reasonable suspicion for a stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their

4

experience and training." <u>United States v. Perkins</u>, 363 F.3d 317, 321 (4th Cir. 2004). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." <u>Branch</u>, 537 F.3d at 337. We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in finding that the officer had sufficient reasonable suspicion to extend the stop to conduct a narcotics investigation.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>